```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RAVINDER HOODA,                                               :
                                                              :
                            Petitioner,                       :
                                                              :        16-CV-7430 (VEC)
                  -against-                                   :
                                                              :        MEMORANDUM
UNITED STATES OF AMERICA,                                     :        OPINION & ORDER
                                                              :
                            Defendant.                        :
-------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/15/2017
```

VALERIE CAPRONI, United States District Judge:

      Ravinder Hooda ("Petitioner"), proceeding *pro se*, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereafter, "Pet'r Mot."), Dkt. 1. Petitioner alleges in his section 2255 petition that he received ineffective assistance of counsel. For the following reasons, Petitioner's Motion is DISMISSED as untimely.

## BACKGROUND

      Petitioner pleaded guilty to conspiracy to commit access device fraud and aggravated identity theft in connection with a scheme involving fraudulently obtained debit and credit cards. Transcript of March 11, 2015 Court Appearance (hereafter, "March 11 Tr."), *United States v. Singh*, No. 14 CR. 796 (VEC-2), (S.D.N.Y. 2014), Dkt. 54, at 27. On July 23, 2015, this Court sentenced Petitioner principally to time served for the conspiracy count and two years' imprisonment for aggravated identity theft, to run consecutively to the conspiracy sentence. Additionally, the Court ordered him to pay approximately $18,000 in forfeiture and a similar amount in restitution. Transcript of July 23, 2015 Court Appearance (hereafter, "July 23 Tr."), *Singh*, Dkt. 78, at 24–26. Judgment was entered on July 23, 2015. Judgment, *Singh*, Dkt. 77, at

1. Petitioner did not pursue a timely direct appeal of his conviction.[1]  Order on Motion for Leave to Appeal (hereafter, "Leave to Appeal Order"), *Singh*, Dkt. 97, at 2.

On September 22, 2016, Petitioner filed this 28 U.S.C. § 2255 petition alleging ineffective assistance of his counsel.  Pet'r Mot. at 1; Memorandum of Law in Support Motion to Vacate, Set, Aside or Correct Sentence (hereafter, "Pet'r Mem."), Dkt. 2, at 1.  Petitioner asserts that he received ineffective assistance of counsel because his counsel: (1) forced him to plead guilty despite the Government's "failure to show that Petitioner knowingly committed aggravated identity theft;" and (2) did not contest the "improper imposition of forfeiture as restitution."  Pet'r Mem. at 2.

On October 17, 2016, this Court directed Petitioner to show cause why his motion should not be denied as time-barred.  Order Directing Affirmation (hereafter, "Order"), Dkt. 4, at 2. Petitioner subsequently filed an Affirmation stating that his lateness was due to: (1) inadequate access to prison library resources; (2) his language barriers; and (3) denial of access to his legal files.  Affirmation, Dkt. 5, at 1-3.  On February 15, 2017, the Government filed a memorandum in opposition to the Petitioner's Motion, arguing that Petitioner's Motion is procedurally barred as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that Petitioner's counsel was not ineffective.  Memorandum of Law of the United States in Opposition to Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct His Sentence (hereafter, "Gov. Mem."), *Singh*, Dkt. 130, at 15-26.[2]

---

[1]   On October 20, 2015, Petitioner filed a motion for leave to file a late notice of appeal pursuant to the Federal Rules of Appellate Procedure Rule 4(b)(4).  Motion to File Late Notice of Appeal (hereafter, "Mot. Late Appeal"), *Singh*, Dkt. 87, at 1.  Petitioner's motion was denied on March 12, 2015.  Leave to Appeal Order at 2.

[2]   The Government filed their Memorandum of Law in Opposition of Petitioner's Motion in *United States v. Singh*, No. 14 CR. 796 (VEC-2), (S.D.N.Y. 2014).

## DISCUSSION

AEDPA established a one-year statute of limitations for the filing of a petition pursuant to 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255(f).  A section 2255 petition is timely only if it is filed within one year from the latest of: (1) the judgment of conviction becoming final; (2) a government-created impediment to making such a motion being removed; (3) the right asserted being initially recognized by the Supreme Court, if the right has been made retroactively applicable to cases on collateral review; or (4) the facts supporting the claims being discoverable through the exercise of due diligence.  *See* 28 U.S.C. § 2255(f).  Because Petitioner has not alleged that the Government impeded the filing of his petition, that the Supreme Court has recently recognized any rights he is asserting, or the discovery of any new facts supporting his claim, the relevant date for calculating the statute of limitations is the date on which the judgment of conviction became final.

"[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."  *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005).  Because a criminal defendant must file a notice of appeal within fourteen days after the entry of judgment, an unappealed conviction becomes "final" for the purposes of the one-year AEDPA limitations period fourteen days after judgment is entered.  *See* Fed. R. App. P. 4(b).

Judgment was entered in Petitioner's criminal case on July 23, 2015, and Petitioner did not pursue a timely direct appeal of his conviction.  Leave to Appeal Order at 2.  Therefore, Petitioner's conviction became final on August 6, 2015.  To be timely, then, Petitioner's section

2255 petition must have been filed on or before August 6, 2016.  Petitioner's habeas petition, which was dated September 1, 2016, Pet'r Mot. at 14, is, therefore, untimely.[3]

The one-year statute of limitations for section 2255 petitions may be equitably tolled.  *Green v. United States*, 260 F.3d 78, 82 (2d Cir. 2001).  Equitable tolling is available only in rare and exceptional circumstances.  *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).  To equitably toll the statute, the petitioner must establish that (a) "extraordinary circumstances" prevented him from filing a timely petition, and (b) he acted with "reasonable diligence" during the period for which he seeks tolling.  *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015).

Petitioner argues that his habeas petition should not be time-barred because he had inadequate access to prison library resources, is unable to read or write English, and was unable to procure his legal files from the attorney who represented him.  Affirmation at 1–5.  Although the Court is sympathetic to Petitioner's circumstances, Petitioner's reasons do not provide a basis for equitable tolling.  *See, e.g.*, *Grullon v. United States*, No. 05 CIV. 1810 (DAB), 2007 WL 2460643, at *1 (S.D.N.Y. Aug. 27, 2007) (restricted prison law library access is not a "circumstance so rare or exceptional to warrant any tolling of the statute of limitations."); *Zhang v. United States*, No. 01 CIV. 2591 (DAB), 2002 WL 392295, at *3 (S.D.N.Y. Mar. 13, 2002) (limited knowledge of the English language, absence of legal assistance program at the correctional facility, and inability to communicate with assistants at the law library insufficient grounds for equitable tolling); *Davis v. McCoy*, No. 00 CIV. 1681 (NRB), 2000 WL 973752, at

---

[3] The Second Circuit recognizes the "prison mailbox rule," which states that a *pro se* prisoner "satisfies the time limit for filing a notice of appeal if he delivers the notice to prison officials within the time specified."  *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001).  Thus, although Hooda's habeas petition was not received by this Court until September 22, 2016, the Court will consider the petition to have been filed on September 1, 2016.

*2 (S.D.N.Y. July 14, 2000) ("inability to obtain documents does not rise to the level of extraordinary circumstances").

## CONCLUSION

For the foregoing reasons, Petitioner's 28 U.S.C. § 2255 habeas petition is time-barred because it was not timely filed, and Petitioner has not established that he is entitled to equitable tolling.  Therefore, Petitioner's habeas petition is DISMISSED.

When a habeas petition is denied on procedural grounds, the petitioner may obtain a certificate of appealability if he shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Eltayib v. United States*, 294 F.3d 397, 400 (2d Cir. 2002).  Because it is not debatable that this petition was filed too late, the Court declines to issue a certificate of appealability.


**SO ORDERED.**

Date:  March 15, 2017
       New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**